## McMullen et al. *v.* Clark.

Practice.—*Assignment of Error.*—Where the only error assigned is the overruling of a motion for a new trial, an alleged error in ruling upon a motion to suppress a deposition, not made a ground of the motion for a new trial, is not presented.

McMullen *et al. v.* Clark.

SAME.—*Agreement to Read Deposition in Evidence.*—Where the deposition or sworn statement of a witness purports to have been taken " to be read in evidence (subject to all legal exceptions) in lieu of an oral examination," it may be read in evidence though the witness reside in the county and be able to attend court.

SAME.—*Instruction.* —The assignment, as a ground for a new trial, of the refusal of a certain instruction asked, and the giving of oral instructions, does not include an objection to an oral modification of the instruction asked.

VERBAL ADMISSIONS.— *Weight of.*—Imperfection of memory is not the only infirmative circumstance to be considered in weighing the force of verbal admissions.

PRESUMPTION OF LAW.—*Partners.*—In a suit upon a promissory note, where the defendants are charged with having made the note sued on as partners by their firm name, and where the execution of the note is denied under oath, proof that the defendants so denying were partners with the other defendants at the time the note was made does not raise a presumption of law that the note is a firm note.

From the Park Circuit Court.

*J. M. Allen* and *W. Mack,* for appellants.

DOWNEY, J.—The error assigned in this case is the refusal of the court to grant a new trial on motion of the defendants, who are appellants in this court. The action was by the appellee against Daniel McMullen, Cornelius M. Barnes, and Edward L. Wheat, administrator of John Kilburn, deceased. The complaint was in three paragraphs, each predicated upon the same promissory note. The note was for eleven hundred and twenty-eight dollars, dated May 26th, 1869, to mature in twelve months, and was signed by John Kilburn alone.

In the first paragraph, it is alleged that the defendants were partners in business, and as such partners borrowed the amount of money of the plaintiff, and gave the note by their firm name of John Kilburn. It is alleged, also, that the said money went to the benefit of the defendants, and that John Kilburn afterward departed this life, and that said Wheat became administrator of his estate.

In the second paragraph of the complaint, it is alleged that Kilburn was carrying on business in his own name; that McMullen and Barnes were silent partners with him in business; that the plaintiff loaned to the defendants said sum of

money, and Kilburn executed the note therefor in his own name; and that the money went into and was used by said firm.

In the third paragraph of the complaint, it is alleged that the defendants, under the firm name and style of John Kilburn, executed to the plaintiff their note, by which they promised to pay, etc., in the usual form of complaints on promissory notes. A copy of the note was filed with the complaint.

McMullen and Barnes answered in four paragraphs:

1. A general denial.

2. That the note was executed by Kilburn, on his own account, in renewal of a note given for his individual debt, and that the said firm derived no benefit whatever from the note.

3. That the defendants never executed the note in the manner and form charged in the complaint.

4. That the note was given without any consideration.

The second and third paragraphs of the answer were verified by the oath of the defendants pleading the same. Wheat, administrator of Kilburn, made default. There does not appear to have been any reply. The issues were tried by a jury, and there was a general verdict for the plaintiff, and answers to interrogatories by which they found that the note was given in renewal of a note of eight hundred dollars and interest, given by John Kilburn to John Clark, and that McMullen and Barnes were partners of Kilburn in 1862, when the note for eight hundred dollars was made.

A motion was made by the defendants for a new trial, for the following reasons:

1. The verdict is not sustained by the evidence.

2. It is contrary to law.

3. Refusal to admit evidence offered by defendants.

4. Admission of improper and illegal testimony by plaintiff and excepted to by defendants, to wit, depositions of King and Huxford.

5. In giving instructions to the jury, to wit, one and two, given by the court.

6. Refusing instructions asked by the defendants, and excepted to, to wit, number one, and giving verbal instructions, and refusing number six.

The court overruled this motion, and also a motion for judgment in favor of the defendants on the special findings of the jury, and rendered judgment on the verdict for the plaintiff.

The only error assigned is the overruling of the motion for a new trial. We have to consider the questions presented without any brief on behalf of the appellee. We will consider the questions as presented in the brief of counsel for appellants.

The first question argued is the refusal of the court to suppress parts of the deposition of King. The ruling of the court on the motion to suppress depositions was not made a ground of the motion for a new trial. For this reason, that question is not presented by the record.

The second question presented is based upon the ruling of the court in admitting as evidence parts of the sworn statement of John Huxford. This statement was in the form of a deposition, containing an examination and cross-examination, and purports to have been taken " to be read in evidence (subject to all legal exceptions) in lieu of an oral examination." One ground of objection was, that the witness resided in the county, was able to attend court, and the statement was not a deposition. We think we should understand from the facts disclosed that it was intended that the statement should be read as evidence unconditionally, except as to such objections as might, for other reasons, be legally made to it. An objection was made to the reading of certain parts of the statement, but the objection appears, by the bill of exceptions, to have been made after the paper was read, and the ground of objection was not stated. There was no error in disallowing the objection.

The next point relates to the giving of oral modifications of instruction number one asked by the defendants. The modification of instruction number one is not mentioned in the motion for a new trial as one of the grounds thereof. The

McMullen *et al. v.* Clark.

refusing of instruction number one, asked by the defendants, was mentioned, and the giving of verbal instructions. The appellants must be confined to the objections made and exceptions taken in the circuit court.

Instruction number six asked by the defendants is as follows : " Verbal admissions, consisting of mere repetitions of oral statements made a long time before, are subject to much imperfection and mistake, for the reason that the party making them may not have expressed his own meaning, or the witness may have misunderstood him, or by not giving his exact language may have changed the meaning of what was said, and this is especially true where a long time has passed since the admissions were made ; such evidence should, therefore, be received by you with caution." In lieu of this, the court gave the following : " In regard to verbal admissions, you will consider imperfections of memory and carefully weigh the evidence, and give them such credit as they are entitled to." We think the defendants were entitled to the full force of the instruction asked. Imperfection of memory is not the only infirmative circumstance to be considered in weighing the force of verbal admissions. The instruction asked was correct, as a statement of the law, and should have been given as asked. It was applicable to the case as presented to the jury by the evidence, and the giving of it might have produced a different result.

The court gave the following instruction : " In this case, it having been admitted by the defendants that in 1869, when the note in suit was given, they were partners with John Kilburn, doing business under the firm name of John Kilburn, the presumption of law is, that the note is a firm note, and you will find for the plaintiff, unless the defendants show, by a preponderance of evidence, that the note was not a partnership note and transaction." This charge was clearly wrong. There is no such presumption of law. The defendants, McMullen and Barnes, having, under oath, denied the execution of

the note, the *onus* was upon the plaintiff to show their liability, and not upon them to show that they were not liable.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.